# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

_____

EDGAR W. DUECKER and PATRICIA DUECKER,

          Plaintiffs,

                                                      Civil Action No._____

vs.

NATIONAL GRID,

          Defendant.

_____

## **NOTICE OF REMOVAL**

    PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1441 and 1446, the action entitled *Edgar W. Duecker, Patricia Duecker v. National Grid*, commenced in the Superior Court of the Commonwealth of Massachusetts, Middlesex County, Civil Action No. 2012-582L2, is removed by the Defendant, National Grid, from the Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts by the filing of this Notice of Removal with the Clerk of the United States District Court for the District of Massachusetts.

    Defendant, by and through its attorneys, respectfully states the following as grounds for removing this action:

    1.    Defendant removes this action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

    2.    Plaintiffs commenced this action against Defendant by filing a summons and complaint with the Superior Court Clerk.  A copy of the Summons and Complaint is attached as Exhibit A.

3. In their Complaint, Plaintiffs allege that Defendant made negligent and/or intentional misrepresentations to interfere with Plaintiffs' receipt of benefits under an employee benefit plan. Plaintiffs also allege that this alleged conduct constituted a breach of Defendant's fiduciary duty to Plaintiff Edgar W. Duecker and "unfair and deceptive trade practices" in violation of M.G.L. c. 93A. These claims are preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*

4. Due to this preemption, the Complaint filed and served by Plaintiffs alleges a civil action preempted by and arising out of the Constitution, laws or treaties of the United States, specifically ERISA, 29 U.S.C. § 1001 *et seq.*

5. Defendant's Notice of Removal is filed within thirty (30) days of service of the Complaint on Defendant and is therefore timely.

6. A copy of the written notice required by 28 U.S.C. § 1446(d), addressed to Plaintiffs and to the Clerk of the Superior Court, is attached as Exhibit B and will be filed in the Superior Court and served on Plaintiffs after the filing of this Notice of Removal in the United States District Court for the District of Massachusetts.

**JURISDICTION EXISTS UNDER 28 U.S.C. §§ 1331 and 1367**

7. This Notice of Removal is filed under the provisions of 28 U.S.C. § 1441 on the grounds that it is a civil proceeding over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because the claims asserted and the questions raised by Plaintiffs are preempted by, and arise under, ERISA, 29 U.S.C. § 1001 *et seq.*

PLEASE TAKE FURTHER NOTICE that by effecting removal of this civil action, Defendant reserves all rights to raise any and all defenses available under the Federal Rules of Civil Procedure, including, without limitation, FED. R. CIV. P. 12.

Dated: Buffalo, New York
April 27, 2012

        Respectfully submitted,

        NATIONAL GRID

        /s/ James J. Rooney
        James J. Rooney, Esq. (BBO#628946)
        BOND, SCHOENECK & KING PLLC
        Attorneys for the Defendant
        Key Center
        40 Fountain Plaza, Suite 600
        Buffalo, New York 14202-2200
        jrooney@bsk.com

## Certificate of Service

I hereby certify that a true copy of the foregoing Notice of Removal was served on Plaintiffs' attorney on April 27, 2012 via UPS Overnight mail and First-Class mail addressed to:

>Steven J. Marullo, Esq.
>Law Offices of Steven J. Marullo
>435 Newbury Street
>Suite 217
>Danvers, Massachusetts 01923

                                             /s/ James J. Rooney
                                             James J. Rooney, Esq.

# Exhibit A

Case 1:12-cv-10755   Document 1   Filed 04/27/12   Page 5 of 19

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. MICV2012-582
L2

MIDDLESEX, ss

Edgar W. Duecker
Patricia Duecker ............, Plaintiff(s)

v.

National Grid
............, Defendant(s)

## SUMMONS

To the above-named Defendant:

You are hereby summoned and required to serve upon .... Steven J. Marullo, Esq. Law Offices of Steven J. Marullo .......... plaintiff's attorney, whose address is .. 435 Newbury Street Suite 217 Danvers, MA 01923 ................, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 200 Trade Center 2nd Fl., Woburn, MA 01801 .............. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at ...... Woburn, Massachusetts ..............

the .......... 21st .......... day of ........ February ..........

..............., in the year of our Lord ............ 2012 ............

A true copy Attest:
4/5/12 Deputy Sheriff Suffolk County

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001



**Suffolk County Sheriff's Department** • 132 Portland Street, Boston, MA 02114 • (617) 704-6999

*Suffolk, ss.*

March 23, 2012

By virtue of this writ I have made diligent search for the president, treasurer, clerk, cashier, secretary agent or other officer in charge of the business of the within-named judgment debtor corporation National Grid but could not find him/her/them within this county; I therefore return this writ without service. D/S In State ($15.00) Total: $15.00

Deputy Sheriff   John Cotter

*John Cotter*
_____
*Deputy Sheriff*

| CIVIL ACTION COVER SHEET | Trial Court of Massachusetts SUPERIOR COURT DEPARTMENT County: **MIDDLESEX** | Docket Number |
|---|---|---|
| PLAINTIFF(S) EDGAR W. DUECKER, PATRICIA DUECKER | DEFENDANT(S) NATIONAL GRID | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE STEVEN J. MARULLO 435 Newbury St. Suite 217 (978) 750-0500 Danvers, MA 01923 Board of Bar Overseers number: BBO# 323040 | ATTORNEY (if known) | |

Origin code and track designation

Place an x in one box only:
[X] 1. F01 Original Complaint
[ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
[ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
[ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
[ ] 5. F05 Reactivated after rescript; relief from judgment/ Order (Mass.R.Civ.P. 60) (X)
[ ] 6. E10 Summary Process Appeal (X)

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. B99  TYPE OF ACTION (specify): Intentional and Negligent Misrepresentation  TRACK (A)  IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ......................................................... $
2. Total Doctor expenses ........................................................... $
3. Total chiropractic expenses .................................................. $
4. Total physical therapy expenses .......................................... $
5. Total other expenses (describe) ........................................... $
Subtotal $
B. Documented lost wages and compensation to date ............. $
C. Documented property damages to date ................................ $
D. Reasonably anticipated future medical and hospital expenses $
E. Reasonably anticipated lost wages ....................................... $
F. Other documented items of damages (describe) Lost severance benefits $140,000
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendant either intentionally or negligently caused the Plaintiff to forfeit severance benefits which he would have received from Defendant but for Defendant's misrepresentations $
TOTAL: $140,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT N/A

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _Steven J. Marullo_ DATE: 2/14/12
A.O.S.C. 3-2007

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                   SUPERIOR COURT DEPT.
                                                 CIVIL ACTION NO.

```
_____
                               )
EDGAR W. DUECKER and           )
PATRICIA DUECKER,              )
                               )
        Plaintiffs,            )
                               )
V.                             )
                               )
NATIONAL GRID,                 )
                               )
        Defendant.             )
_____)
```

## VERIFIED COMPLAINT

### Parties

1. The Plaintiff, Edgar W. Duecker, is an individual who resides at 239 Nevada Road, Tewksbury, Middlesex County, Massachusetts.

2. The Plaintiff, Patricia Duecker, is an individual who resides at 239 Nevada Road, Tewksbury, Middlesex County, Massachusetts.

3. The Defendant, National Grid USA, is a foreign corporation, registered to do business in Massachusetts at 40 Sylvan Road, Waltham, Middlesex County, MA 02451.

### Facts

4. The Plaintiff, Edgar W. Duecker, was employed by the Defendant or its predecessor companies from October 14, 1969 to June 1, 2011, when he retired.

5. Mr. Duecker was an exemplary employee, who worked for the Defendant as a supervisor for the past 25 years, most recently in the Field Operations Supervisors office.

6. In or around April, 2011, Mr. Duecker was advised that National Grid/Keyspan was planning a significant lay-off which included his department.

7. Mr. Duecker was also advised that National Grid/Keyspan was modifying the employee medical benefits package which would negatively affect the Dueckers.

8. During April, 2011, Mr. Duecker asked his manager, Mark Scaparotti, on several occasions, including one occasion in a department meeting at the end of April, 2011, whether employees could expect to receive a severance package as a result of the anticipated lay-offs.

9. On each and every occasion, Mr. Duecker's manager advised him that there would not be a severance package.

10. As a result of this information and the threatened medical benefits changes, Mr. Duecker discussed his possible early retirement with his manager, stating that he would wait to retire if he were to receive a severance package.

11. As a result of Mr. Scaparotti's specific information that Mr. Duecker would not be receiving a severance package, and after discussing the situation with his wife, Mr. Duecker decided to explore early retirement.

12. Mr. Duecker then contacted Marie Liverani, Associate Pension Caseworker at the Employee Services Department at National Grid/Keyspan in May, 2011. During these discussions, Ms. Liverani inquired whether Mr. Duecker was to receive any severance package due to the announced lay-offs, but failed to advise Mr. Duecker that he would be offered such a package.

13. In fact, neither the caseworker nor Mr. Duecker's manager ever informed Mr. Duecker of the availability of such a package. Instead, the manager said definitively that there would be no severance package offered.

14. Within a matter of days of Mr. Duecker's telephone conversation with Ms. Liverani, Mr. and Mrs., Duecker were provided with a series of documents which provided for Mr. Duecker's early retirement. The documents arrived under a May, 2011 cover letter which stated, in part, that "(i)n order to initiate your pension, these forms must be completed, notarized and returned to us *as soon as possible*" (emphasis added).

15. The forms were completed by the Dueckers and returned to National Grid/Keyspan on or about May 27, 2011.

16. However, the Spousal Consent form was not properly notarized, and therefore, incomplete.

17. Further, National Grid/Keyspan failed to sign the Pre-Retirement Counseling Checklist or provide an exit interview.

18. Notwithstanding, the Defendant expedited the retirement process in an effort to deprive Mr. Duecker of the benefits of the severance package.

19. Mr. Duecker's retirement allegedly became effective as of June 1, 2011, and the retirement benefit payment was expedited.

20. On June 6, 2011, a mere 5 days after Mr. Duecker's retirement became effective, the Defendant announced the availability of the severance package to members of its Field Operations Supervisors department which included a severance benefit of 1 ½ times the severed employee's annual salary.

21. For the Plaintiff, this severance package would have amounted to approximately $130,000.00.

22. The Plaintiff would have still maintained his retirement benefits.

23. According to the documents executed in connection with the retirement, Mr. Duecker was required to sign an Affidavit attesting that Mr. Duecker understood

    "that if at any time it is determined that any of the above representations is false or the documentation inadequate in any respect, the elections and designations made on the attached Retirement Option Selection and Designation of Beneficiary Form may be void."

24. Following the announcement of the severance package offering, Mr. Duecker immediately contacted Ms. Liverani again on June 6, 2011, the same day of the announcement. Ms. Liverani advised that it was too late for Mr. Duecker to receive a severance package because his retirement papers had already been processed and could not be changed.

25. On the same day, June 6, 2011, Mr. Duecker contacted Marybeth Wylan of National Grid's New England Office in Waltham. Again, Mr. Duecker was advised that his retirement had been processed and that it was too late.

### Count I – Intentional Misrepresentation

26. The Plaintiffs incorporate by reference their allegations contained in paragraphs 1-25 herein.

27. At all times prior to the Plaintiff's effective retirement date, the Defendant, its agents, servants and employees steadfastly represented that there would be no severance package offered to managers similarly situated to the Plaintiff.

28. The Plaintiff specifically raised the issue of the possible availability of a severance package with his manager and caseworker in April, 2011 and May, 2011, respectively.

29. The Defendant consistently and intentionally advised that no such severance package would be offered.

30. Further, The Defendant encouraged the Plaintiff to complete his retirement package "as soon as possible."

3

31. In fact, the Defendant expedited the Plaintiff's retirement papers and first payment despite the fact that the documents were not properly notarized, that the spousal consent form was not signed, and that no exit interview was given.

32. Notwithstanding, a mere 5 days after the Plaintiff's retirement became effective, the Defendant announced the availability of a severance package which would have included the Plaintiff.

33. When the Plaintiff inquired about the severance package on the date of the announcement, he was advised that it was too late and that his retirement had been processed.

34. The Plaintiff relied upon the Defendant's representations and, therefore, was denied the benefit of the severance package.

35. As a result of the Defendant's intentional misrepresentations, the Plaintiffs suffered damages.

## Count II – Negligent Misrepresentation

36. The Plaintiffs incorporate by reference their allegations contained in paragraphs 1-35 herein.

37. At all times prior to the Plaintiff's retirement becoming effective, the Defendant, its agent, servants and employees steadfastly represented that there would be no severance package offered to managers similarly situated to the Plaintiff.

38. The Plaintiff specifically raised the issue of the possible availability of a severance package with his manager and caseworker in April, 2011 and May, 2011, respectively.

39. The Defendant consistently advised that no such severance package would be offered, despite the fact that the Defendant knew or should have known that a severance package would be offered imminently.

40. In fact, a mere 5 days after Plaintiff retired, the Defendant announced the availability of a severance package which would have included the Plaintiff.

41. In fact, the Defendant encouraged Plaintiff to complete his retirement package "as soon as possible", and negligently expedited his retirement and first payment despite the fact that the documents were not properly completed and that no exit interview was conducted.

42. The Plaintiff relied upon the Defendant's negligent representations and, therefore, was denied the benefit of the severance package.

4

43. As a result of the Defendant's negligent misrepresentations, the Plaintiffs suffered damages.

### Count III – Breach of Fiduciary Duty

44. The Plaintiff incorporates by reference their allegations contained in paragraphs 1-43 herein.

45. At all times prior to the Plaintiff's effective retirement date, the Defendant, its agents, servants and employees steadfastly represented that there would be no severance package offered to managers similarly situated to the Plaintiff.

46. The Plaintiff specifically raised the issue of the possible availability of a severance package with his manager and caseworker in April, 2011 and May, 2011, respectively.

47. The Defendant knew or should have known in April and/or May 2011 that a severance package would be offered to managers similarly situated to the Plaintiff in June, 2011.

48. The Defendant had a fiduciary duty not to mislead the Plaintiffs as to the prospective announcement of the offering of a severance package for managers similarly situated to the Plaintiff.

49. However, the Defendant failed to disclose its intention to create a severance package for managers similarly situated, or the fact that the company was giving serious consideration to such a plan despite numerous specific inquiries by the Plaintiff.

50. Therefore, the Defendant breached its fiduciary duty to the Plaintiff.

51. The Plaintiff reasonably relied upon the Defendant's misleading and incorrect statements to his detriment

52. As a result of such reliance, the Plaintiff missed the opportunity to retire under the more advantageous provisions of the severance package which went into effect days after the Plaintiff's retirement became effective.

53. Therefore, the Plaintiffs suffered damages.

### Count IV – M.G.L. c. 93A

54. The Plaintiff incorporates by reference their allegations contained in paragraphs 1-53 herein.

55. The Defendants' actions and inactions constitute a violation of M.G.L. c. 93A, specifically:

    a. The Defendant intentionally misrepresented the availability of a severance package for employees similarly situated to the Plaintiff, despite numerous inquiries from the Plaintiff, in an effort to deprive the Plaintiffs of benefits due to him;

    b. The Defendant intentionally expedited the Plaintiff's retirement process and payment, despite the fact that the Plaintiffs' documents were incomplete and that the Defendant failed to conduct an exit interview with the Plaintiff, in an effort to deprive the Plaintiff of benefits due him;

    c. The Defendant, its agents and/or employees intentionally deprived the Plaintiffs of benefits to which the Plaintiff would have been entitled had they not relied upon the Defendant's misrepresentations;

    e. The Defendant, its agents and/or employees intentionally made several material misrepresentations;

    f. The Defendant intentionally misrepresented the availability of the severance package to avoid payment of the full benefit to the Plaintiff; and

    g. The Defendant failed and/or refused to review this matter thoroughly and/or accurately, or it blatantly ignored the facts to the detriment of the Plaintiffs.

    h. The Defendant knew or should have known in April and/or May 2011, that a severance package would be offered to managers similarly situated to the Plaintiff on June 6, 2011, yet failed and refused to disclose same to the Plaintiff.

    i. The Defendant intentionally failed to disclose its intention to create a severance package for managers similarly situated, or the fact that the company was giving serious consideration to such a plan despite numerous specific inquiries by the Plaintiff.

56. All of the above acts and/or omissions constitute unfair and deceptive trade practices.

57. As a result of the Defendant's deceptive acts and practices, the Plaintiffs suffered damages.

58. A demand letter pursuant to M.G.L. ch. 93A was served upon the Defendant by certified mail on November 23, 2011, to which the Defendant has not responded as of the date hereof.

WHEREFORE, the Defendant is liable to the Plaintiffs for triple damages, costs and expenses.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

The Plaintiffs,
By their attorney,

Dated: February 8, 2012

Steven J. Marullo, Esq. (BBO #323040)
435 Newbury Street
Suite 217
Danvers, MA 01923
(978) 750-0500

### VERIFICATION

Signed under the pains and penalties of perjury this 6 day of February, 2012. Plaintiffs state that the facts contained herein are accurate to the best of their knowledge and belief and no material facts have been omitted herefrom.

Edgar W. Duecker
Plaintiff

Patricia Duecker
Plaintiff

**Exhibit B**

## COMMONWEALTH OF MASSACHUSETTS

Middlesex, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 2012-582L2

EDGAR W. DUECKER, PATRICIA DUECKER,

     Plaintiffs,

-v-

NATIONAL GRID,

     Defendant.

### NOTICE OF FILING OF NOTICE OF REMOVAL

TO: **STEVEN J. MARULLO, ESQ.**    **MIDDLESEX COUNTY CLERK**

Law Offices of Steven J. Marullo    200 TradeCenter, 1st Floor
*Attorney for Plaintiffs*    Woburn, Massachusetts 01801
435 Newbury Street
Suite 217
Danvers, Massachusetts 01923

PLEASE TAKE NOTICE that a true copy of the Notice of Removal filed in the Office of the Clerk of the United States District Court for the District of Massachusetts on April 27, 2012 is attached as Exhibit A.

124663.1 4/27/2012

Dated: Buffalo, New York
       April 27, 2012

                                                    Respectfully Submitted,

                                                    NATIONAL GRID

                                                    /s/ James J. Rooney
                                                    James J. Rooney, Esq. (BBO#628946)
                                                    BOND, SCHOENECK & KING PLLC
                                                    Attorneys for the Defendant
                                                    Key Center
                                                    40 Fountain Plaza, Suite 600
                                                    Buffalo, New York 14202-2200
                                                    jrooney@bsk.com

## Certificate of Service

I hereby certify that a true copy of the foregoing Notice of Filing of Removal was served on Plaintiff's attorney on April 27, 2012 via UPS Overnight mail and First-Class mail addressed to:

>Steven J. Marullo, Esq.
>Law Offices of Steven J. Marullo
>435 Newbury Street
>Suite 217
>Danvers, Massachusetts 01923

>/s/ James J. Rooney
>James J. Rooney, Esq.